(Reap. Dec. 10509)

THE AKRON v. UNITED STATES

Entry No. 26130.

(Decided April 14, 1963)

*Stein & Shostak* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement enumerated in the attached Schedule of Cases, consists of mirrors exported from Japan; and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and covering of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values plus f.o.b. charges set out on the invoices, but not including the buying commission as stated on the invoices.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

IT IS FURTHER STIPULATED AND AGREED that the appeal for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for a decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here in question and that such value is the invoice unit value, plus

f.o.b. charges set out on the invoice, but not including the buying commission, as stated on said invoice.

Judgment will issue accordingly.